# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

SANCHEZ SMOTHERMAN,                )
                                   )
    Plaintiff,                      )
                                   )
v.                                 )    No. 4:18-cv-995-DDN
                                   )
MISSOURI DEPARTMENT OF             )
CORRECTIONS, et al.,               )
                                   )
    Defendants.                     )

## MEMORANDUM AND ORDER

This matter is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.

Upon such review, the Court finds that the complaint should be dismissed.

### 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, this Court must "review before docketing if feasible or,

in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity." The Court must then dismiss the complaint, or any portion thereof, if it is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if it

"lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

An action is malicious if it is undertaken for the purpose of harassing the named defendants and

not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-

63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983. At present, plaintiff is an inmate at the Moberly Correctional Center, but the events giving rise to the complaint occurred when he was incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). Named as defendants are the Missouri Department of Corrections, corrections officers David Hawanchak and Steven Bradley, and John Doe and Jane Doe. Plaintiff does not specify the capacity in which he sues the defendants.

Plaintiff alleges that he was punished for making a threat, in that he was placed in segregation for 300 days. Plaintiff explains that what was perceived as a threat was actually a lyric from a rap song that was allowed by the prison. Plaintiff claims he was denied a witness, and that all his evidence was ignored. He also claims that he had to attend his parole hearing in shackles and restraints. He seeks monetary compensation for each day he spent in segregation, and for the effect on his parole.

When plaintiff filed the instant complaint, he neither paid the filing fee nor sought leave to proceed *in forma pauperis*. However, giving plaintiff the opportunity to move for *in forma pauperis* status would be futile. This is the second § 1983 action plaintiff has filed to raise these same claims against these same defendants. *See Smotherman v. Missouri Department of Corrections*, No. 4:17-cv-1982-JAR (E.D. Mo. Jul. 17, 2017) (hereafter *Smotherman I*).[1] On April 9, 2017, the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), after finding that it was legally frivolous and/or failed to state a claim upon which relief could be

---

[1] In *Smotherman I*, plaintiff was proceeding *pro se* and *in forma pauperis*. He alleged that, while incarcerated at ERDCC in July of 2015, defendant Hawanchak searched plaintiff's cell, and found words written on plaintiff's cell wall, and a piece of paper containing threatening language in plaintiff's trash can. Plaintiff claimed that the words on the paper were song lyrics from an approved list of music at the prison, and the words on the wall were there prior to him being assigned to the cell. However, Hawanchak wrote plaintiff up for an alleged threat and for destroying state property. Plaintiff was given three-hundred (300) days in administrative segregation, and he lost "good time" credit. Plaintiff claimed he was not given due process during the hearing on his conduct violation, and he claimed that, because he was in administrative segregation, he was taken to his parole hearing in shackles and restraints. He sought monetary damages for loss of his good time credits, as well as the time he spent in administrative segregation.

granted. If plaintiff were proceeding *in forma pauperis* in the instant case, the Court's prior

dismissal of *Smotherman I* would have *res judicata* effect on the determination of frivolity. *See*

*Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) *(per curiam)* (citing *Denton v. Hernandez*,

504 U.S. 25 (1992)). Therefore, the Court will review the complaint pursuant to 28 U.S.C. §

1915A.

## Discussion

Having thoroughly reviewed and liberally construed the complaint, the Court has

determined that it must be dismissed. Defendant Missouri Department of Corrections is an entity

of the State of Missouri, *Walker v. Missouri Dept. of Corrections*, 213 F.3d 1035, 1036 (8th Cir.

2000), and as such is not a "person" subject to suit under § 1983. *Will v. Michigan Dept. of State*

*Police*, 491 U.S. 58, 71 (1989). In addition, it has eleventh amendment immunity from suit in

federal court, unless it has waived immunity. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Plaintiff does not allege, nor is it apparent, that the Missouri Department of Corrections has

waived immunity. Eleventh amendment immunity applies to all suits against the state, whether

in law or equity, for damages or for any other relief. *Cory v. White*, 457 U.S. 85, 91 (1982).

Therefore, the complaint is subject to dismissal as to defendant Missouri Department of

Corrections.

In the caption of the instant complaint, plaintiff named David Hawanchak and Steven

Bradley as defendants. However, in setting forth his claims for relief, plaintiff does not mention

them, much less allege that either of them was personally involved in the alleged constitutional

violations. To be cognizable under § 1983, a claim must allege that the defendant was personally

involved in or directly responsible for the incidents that deprived the plaintiff of his

constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *see also Madewell*

4

*v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). The Court therefore concludes that the complaint fails to state any cognizable claims against defendants Hawanchak or Bradley, and is subject to dismissal as to these defendants. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

Plaintiff also fails to state whether Hawanchak and Bradley are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). The Court must therefore construe plaintiff's claims against Hawanchak and Bradley as against the governmental entity that employs them, which in this case is the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official); *see also Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). As plaintiff seeks only monetary relief, his claims against these State of Missouri actors are legally frivolous. *See Will*, 491 U.S. at 71.

Plaintiff has also named two "Doe" defendants. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).

An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff has failed to make specific allegations as to each Doe defendant such that their identities could be ascertained after reasonable discovery. Therefore, this action cannot proceed against them. In addition, as with defendants Hawanchak and Bradley, plaintiff simply named John Doe and Jane Doe as defendants without alleging that either of them engaged in any wrongdoing. As noted above, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell*, 909 F.2d at 1208; *see also Martin*, 780 F.2d at 1338.

The complaint is also subject to dismissal because it fails to state any claims of constitutional significance. Plaintiff claims he was wrongfully placed in segregation. For the Due Process Clause to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). In order to determine whether plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation." *Id.* (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

Therefore, for plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Id.* In the case at bar, plaintiff makes no such

6

assertions. In addition, plaintiff's allegations do not indicate that he suffered a hardship that may conceivably create a liberty interest as indicated by case law. *See Sandin*, 515 U.S. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention).

Plaintiff can also be understood to assert a claim regarding the loss of parole. However, a Missouri prisoner's allegations challenging denial of parole or the lost possibility of parole do not state a claim under 42 U.S.C. § 1983. In *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11 (1979), the Supreme Court held that an inmate does not have a constitutionally-protected liberty interest in the possibility of parole. In addition, the United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes create no liberty interest in parole. *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005).

Therefore, for all of the foregoing reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). A separate order of dismissal will be entered herewith.

7

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of June, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE